UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEX KELLY,                                    :
      Petitioner,                          :
                                     :       PRISONER CASE NO.
      v.                                      :       3:02-cv-638 (JCH)
                                       :
COMMISSIONER ARMSTRONG,      :       JUNE 25, 2004
      Respondent.                        :

**RULING AND ORDER**

The petitioner, Alex Kelly, is currently confined at the MacDougall Correctional

Institution in Suffield, Connecticut.  He brings this action pro se for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, challenging his Connecticut conviction on the

charge of sexual assault in the first degree.  On July 24, 2003, the court granted the

respondent's motion to dismiss, dismissed claims fourteen through sixteen and stayed the

action as to claims one through thirteen.  The court directed the petitioner to begin

exhausting claim fifteen, the jury misconduct claim, and claim fourteen, the pre-trial

confinement credit claim, within thirty days of the date of the court's ruling and to file a

notice with the court documenting his attempts to initiate the exhaustion process within

forty days of the court's ruling.

In response to the court's ruling and order, the petitioner filed two reply

memoranda.  The petitioner states that he filed a petition for writ of habeas corpus in state

court on August 28, 2003.  The sole ground in the petition is the petitioner's claim that he

is entitled to credit towards his sentence for pre-trial incarceration.  The petitioner claims

that he will not pursue the jury misconduct claim and withdraws that claim.  Accordingly,

the jury misconduct claim set forth in the petition for writ of habeas corpus is deemed withdrawn.  In view of the petitioner's compliance with the court's July 2003 Ruling, the Order to Show Cause [Dkt. No. 13] is VACATED.

For the following reasons, the stay is lifted and the case is dismissed without prejudice to reopening after the petitioner has exhausted all the claims in the petition.  In its prior ruling, the court concluded that the petition for writ of habeas corpus contained both exhausted and unexhausted claims.  Traditionally, a mixed petition was dismissed without prejudice to refiling after all of the claims had been exhausted.  See Slack v. McDaniel, 529 U.S. 473, 486 (2000) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)).  To avoid dismissal of a subsequent petition on statute of limitations grounds pursuant to 28 U.S.C. § 2244[1], the Second Circuit has recommended that district courts stay the petition to permit the petitioner to complete the exhaustion process and return to federal court.

---

[1]  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (advising that where an outright dismissal could jeopardize the timeliness of a collateral attack, district courts should stay exhausted claims, dismiss unexhausted claims, and direct petitioner to timely complete the exhaustion process and return to federal court.)  Dismissal of this petition, however, would not place the petitioner in danger of violating the one-year limitations period if he were to file a new federal petition after exhausting all of his claims in state court.

The petitioner's conviction became final on August 6, 2001, upon the expiration of time within which he could have filed a petition for certiorari to the United States Supreme Court.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).  Before the conclusion of direct review of his conviction, the petitioner filed a state habeas petition in Connecticut Superior Court.  See Kelly v. Warden, CV-00-0804105-S (Conn. Super. Ct. Dec. 15, 2000).  That petition remained pending until April 25, 2002, when it was dismissed.  Thus, the limitations period was tolled until May 15, 2002, the last day the petitioner could have appealed the dismissal of his habeas petition.  The petitioner also filed a motion for a new trial in state court on September 5, 2000, which he withdrew on May 15, 2003.  Thus, the limitations period was again tolled from May 15, 2002, until May 15, 2003, when the petitioner withdrew his petition for a new trial.  On September 30, 2002, however, the petitioner filed a second state habeas petition in the Connecticut Superior Court.  That petition remains pending.  Thus, the limitations period has been tolled at all times prior to the commencement of this action and continues to be tolled through the date of this ruling.

To avoid any possibility that a subsequent federal petition might be barred by the

statute of limitations, the court will dismiss all claims in the petition without prejudice to reopening the petition, after completion of the exhaustion process. This procedure offers the petitioner the same protection as the issuance of a stay of this case pending exhaustion. In addition, requiring the petitioner to file a motion to reopen after he has exhausted his state court remedies is no more burdensome than the alternative which would require the petitioner to notify the court when he commenced and subsequently completed those exhaustion proceedings. By permitting the petitioner to reopen this case after he has completed exhaustion of his state court remedies, the danger that a subsequent new petition might be barred by the statute of limitations is eliminated.

### CONCLUSION

The Order to Show Cause [Dkt. No. 13] and the stay imposed pursuant to the court's July 24, 2003 Ruling are **VACATED**. The jury misconduct claim in the petition for writ of habeas corpus is deemed withdrawn. The petition for writ of habeas corpus [Dkt. No. 1] is **DISMISSED** without prejudice to the petitioner's filing a motion to reopen this case after he has fully exhausted all available state court remedies as to the time credit for pre-trial incarceration and ineffective assistance of counsel claims in the petition.

Within **thirty** days after the petitioner has completed the exhaustion of his state court remedies as to the time credit for pre-trial incarceration and ineffective assistance of counsel claims, the petitioner shall file a motion to reopen this case reporting that those two grounds have been fully exhausted and that he wishes to reopen this case. The motion must be accompanied by an amended petition for writ of habeas corpus, including all claims he seeks to have the court consider and including copies of any state court

- 44

decisions documenting the exhaustion of his claims.  The Clerk is directed to close this

case.

**SO ORDERED**.

Dated  this 25th day of June, 2004, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge